IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

THOMAS COTHREN
C/O James Peters Esq.
30 COURTHOUSE SQ #206
ROCKVILLE, MD 20850

*Plaintiff,*

vs.

Case No.: CAL20-13025

JURY TRIAL DEMAND

JONATHAN D. SOLOMON
3910 EAST WEST HIGHWAY
CHEVY CHASE MD 20815

JOSHUA F. SOLOMON
1741 OVERLOOK DR
SILVER SPRING, MD 20903-1410
MONTGOMERY COUNTY

*Defendants,*
*************************************************************************

## COMPLAINT

TO THE HONORABE JUDGES OF SAID COURT:

COMES NOW, the Plaintiff, Thomas Cothren, (hereinafter, "Plaintiff) by and through, undersigned counsel, James Peters, and hereby files suit for damages against the Defendants Jonathan D. Solomon (hereinafter, "Defendant 1") and Joshua F. Solomon (hereinafter, "Defendant 2"), In support of this claim Plaintiffs aver the following:

### The Parties

1. Plaintiff is an adult resident of Montgomery County, Maryland.

2. Upon information and belief, Defendant 1 is an adult resident of Montgomery County, Maryland.

3. Upon information and belief, Defendant 2 is an adult resident of Montgomery County, Maryland.

## Jurisdiction and Venue

4. This Honorable Court may exercise subject-matter jurisdiction over this action pursuant to Md. Ann. Code, Courts and Judicial Proceedings, § 4-401, as the amount in controversy exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest, costs, and attorney's fees.

5. This Honorable Court may exercise personal jurisdiction over the Defendants pursuant to Md. Ann. Code, Courts and Judicial Proceedings, § 6-102, 6-103, as all parties live in the State of Maryland.

6. Venue is appropriate pursuant to Md. Ann. Code, Courts and Judicial Proceedings, § 6-201, as Defendant 1 works and carries on a regular course of business in Prince George's County, Maryland.

## Facts Common to All Counts

7. Plaintiff adopts by reference the allegations contained in paragraphs one (1) through seven (7) of this Complaint as if fully set forth herein.

8. Plaintiff was employed at Fresh Start Recovery Center in Gaithersburg, Maryland as a marketing representative from 2018 through approximately April 30, 2020. Plaintiff was on an employment contract that expired late in 2019 but he continued to work under that contract uninterrupted until his termination date.

9. Upon information belief Defendant 1's wife was a client of Fresh Start Recovery in November and December of 2019.

10. On or about April 26, 2020 the Defendants or a third party acting on the Defendants' behalf sent numerous emails to the Plaintiff's employer. Those email originated from the email address ToddMcCartyLegalAction@protonmail.com.

11. Upon information and belief ToddMcCartyLegalAction@protonmail.com is/was an email address created by Defendant 1 and Defendant 2 or by someone at their direction.

12. In the emails, from *ToddMcCartyLegalAction*, the writer made claims that the Plaintiff and was having sex with Defendant 1's wife. This is the exact language of one of the emails "I want to bring to your attention an acute violation of the NAATP Code of Ethics by your employee, Tom Cothren. Tom Cothren is currently engaged in a sexual relationship with current patient, Jenny Solomon. If you require documentation to support his termination, abundant and graphic evidence will be provided for your review".

13. Upon information and belief this email was sent by Defendant 1, Defendant 2 or a third party acting on the Defendants' behalf, but all times at the direction of Defendant 1.

14. The entire point of the above email was to make sure the Plaintiff was fired from his job, as Defendant 1's wife had not been a patient at Fresh Start for nearly six (6) months.

15. Two more emails were sent, to Fresh Start Recovery, with substantially the same substance, from the same email address, on the same day.

16. On or about April 26, 2020 another person identifying himself as Michal McDonald sent the following email to the Plaintiff's employer "Tom Cathren is currently participating in an affair with, Jenny King, a married woman and current patient of your facility."

17. Jenny King was not a current patient of the facility and Plaintiff was not engaged in a sexual affair with her.

18. Upon information and belief this email was sent by Defendant 1, Defendant 2 or a third party acting on the Defendants' behalf but all at the direction of Defendant 1.

19. On or April 26, 2020 Defendant 2 sent an email to the CEO of Fresh Start Recovery that said "Michael McDonald forwarded me your email. Thank you for your swift reply. We have evidence of their affair for some time now. However, our concern has heightened since it appears Jenny is pregnant. Coupled with the fact that she is still abusing alcohol and pills, and that we suspect Tom Cothern may be the father to her pregnancy, I am eager to talk to you about protecting her child from her substance abuse and herself from Tom Cothern's misconduct. Sincerely, Joshua" Upon information and belief this email, was sent on the behalf and direction of Defendant 1.

20. On or about April 27, 2020 Defendant 2, who upon information and belief was acting on the behalf of or the direction of Defendant 1, left a voicemail for the CEO of Fresh Start, referencing the prior emails that Defendant 2 had sent to the CEO and making claims that the Plaintiff has a propensity for violence.

21. On or about April 27, 2020, Defendant 2, who upon information and belief was acting on the behalf of or the direction of Defendant 1, left a second voicemail for the

CEO of Fresh Start claiming that the Plaintiff was having sex with Defendant 1's wife.

22. On or about April 27, 2020, Defendant 2, who upon information and belief was acting on the behalf of or the direction of Defendant 1, spoke with the Medical Director of Fresh Start Recovery and made allegations that the Plaintiff had sex with Defendant 1's wife.

23. At the time these allegations were made Defendant 1's wife had not been a patient at Fresh Start Recovery for nearly six (6) months.

24. Defendant 1's wife was not a current patient at Fresh Start Recovery at the time any of these allegations were made. Nor was Defendant 1's wife a patient at the time the Defendants claim the Plaintiff had sex with Defendant 1's wife.

25. On or about April 30, 2020 the Plaintiff was fired from his job due to the statements made about him, by both Defendants, to his employer, Fresh Start Recovery.

26. All the above referenced allegations made by Defendants 1 and 2 were untrue.

27. The Defendants had no lawful reason to intrude on the Plaintiff's private life nor did they have any lawful reason to interfere with the Plaintiff's employment status.

### COUNT I – Tortious Interference with a Contract

### (Defendant 1)

28. Plaintiff adopts by reference the allegations contained in paragraphs one (1) through twenty-eight (28) of this Complaint as if fully set forth herein.

29. Defendant 1 either knew or should have expected that the Plaintiff had an employment contract when he contacted Plaintiff's employer.

30. The Defendant 1 purposely contacted Plaintiff's employer or asked someone else to, with the intent get the Plaintiff's employment contract terminated.

31. Defendant 1's wife was not a client of Plaintiff's employer at the time the contact was made.

32. Defendant 1 persuaded Plaintiff's employer to terminate Plaintiff's contract.

33. As a direct and proximate result of both Defendants' conduct, Plaintiff's Employer was induced to break Plaintiff's contract.

34. As a direct and proximate result of the conduct aforesaid, Plaintiff's contract was terminated, and he was caused economic harm.

## COUNT II – Tortious Interference with a Contract

### (Defendant 2)

35. Plaintiff adopts by reference the allegations contained in paragraphs one (1) through thirty-five (35) of this Complaint as if fully set forth herein.

36. Defendant 2 either knew or should have expected that the Plaintiff was on employment contract when he contacted Plaintiff's employer.

37. Defendant 2 purposely contacted Plaintiff's employer with the intent get the Plaintiff's employment contract terminated.

38. Defendant 1's wife was not a client of Plaintiff's employer at the time the contact was made.

39. Defendant 2 persuaded Plaintiff's employer to terminate Plaintiff's contract.

40. As a direct and proximate result of both Defendant's conduct, Plaintiff's Employer weas induced to break Plaintiff's contract.

41. As a direct and proximate result of the conduct aforesaid, Plaintiff's contract was terminated, and he was caused economic harm.

## COUNT III- Tortious Interference with an Economic Expectancy

### (Defendant 1)

42. Plaintiff adopts by reference the allegations contained in paragraphs one (1) through forty-two (42) of this Complaint as if fully set forth herein.

43. Defendant 1 willfully, either directly or through another, contacted the Plaintiff's Employer.

44. Defendant 1 took overacts to interfere with Plaintiff's business expectancy.

45. The purpose of said contact was to damage to the Plaintiff's economic interests.

46. The Defendant 1 made said contact without cause or right.

47. The Plaintiff suffered economic damage because of the Defendant 1's conduct.

## COUNT IV- Tortious Interference with an Economic Expectancy

### (Defendant 2)

48. Plaintiff adopts by reference the allegations contained in paragraphs one (1) through forty-eight (48) of this Complaint as if fully set forth herein.

49. Defendant 2 willfully, either directly or through another, contacted the Plaintiff's Employer.

50. The purpose of said contact was to damage to the Plaintiff's economic interests.

51. The Defendant 2 made said contact without cause or right.

52. The Plaintiff suffered economic damage because of the Defendant 2's conduct.

## COUNT V Unreasonable Intrusion Upon Seclusion

### (Defendant 1)

53. Plaintiff adopts by reference the allegations contained in paragraphs one (1) through fifty-three (53) of this Complaint as if fully set forth herein.

54. Defendant 1 intentionally intruded upon an into the Plaintiff's private life.

55. The Plaintiff's sexual history is and was always entitled to be a private matter.

56. The allegations, Defendant 1 made, or directed to be made, about Plaintiff are highly offensive to a reasonable person, considering that they were made to an employer.

57. The Plaintiff suffered damages, in that he lost his job and was extremely embarrassed.

58. The Plaintiff suffered extreme emotional distress.

## COUNT VI- Unreasonable Intrusion Upon Seclusion

### (Defendant 2)

59. Plaintiff adopts by reference the allegations contained in paragraphs one (1) through fifty-nine (59) of this Complaint as if fully set forth herein.

60. Defendant 2 intentionally intruded upon an into the Plaintiff's private life.

61. The Plaintiff's sexual history is and was always entitled to be a private matter whether Defendant 1 thought Plaintiff was sleeping with his wife or not.

62. The allegations, Defendant 2 made, or directed to be made, about Plaintiff are highly offensive to a reasonable person, considering that they were made to an employer.

63. The Plaintiff suffered damages in that he lost his job and was extremely embarrassed.

64. The Plaintiff suffered extreme emotional distress.

## COUNT VII Defamation/ Private Party

### (Defendant 1)

65. Plaintiff adopts by reference the allegations contained in paragraphs one (1) through sixty-five (65) of this Complaint as if fully set forth herein.

66. Defendant 1 made false statements about the Plaintiff that he either did know or should have known were false.

67. Upon information and belief, Defendant 1 made those statements in writing.

68. Specifically, Defendant 1 alleged that the Plaintiff was having sex with his wife when the Plaintiff was not.

69. These allegations were made to Plaintiff's employer which is a third party.

70. The Plaintiff suffered damages in that he lost his job and was extremely embarrassed.

71. The Plaintiff suffered extreme emotional distress.

## COUNT VII Defamation/ Private Party

### (Defendant 2)

72. Plaintiff adopts by reference the allegations contained in paragraphs one (1) through seventy-two (72) of this Complaint as if fully set forth herein.

73. Defendant 2 made false statements about the Plaintiff that he either did know or should have known were false.

74. Upon information and belief, Defendant 2 made those statements in writing and orally.

75. Specifically, Defendant 2 alleged that the Plaintiff was having sex with Defendant 1's wife, when the Plaintiff was not and that Defendant 1's wife was pregnant with Plaintiff's child, when she was not.

76. These allegations were made to Plaintiff's employer which is a third party.

77. The Plaintiff suffered damages in that he lost his job and was extremely embarrassed.

78. The Plaintiff suffered extreme emotional distress.

## COUNT VIII Civil Conspiracy

### (Defendant 1)

79. Plaintiff adopts by reference the allegations contained in paragraphs one (1) through seventy-nine (79) of this Complaint as if fully set forth herein.
80. Defendants 1 and 2 worked together to, interfere with the Plaintiff's employment contract, interfere with the valid business expectancy of the Plaintiff, to intrude on the Plaintiff's private life and to defame the Plaintiff.
81. The Defendants created false emails addresses in furtherance of this conspiracy.
82. The Defendants sent emails directly to the Plaintiff's employer, from those email addresses, with the intent to get the Plaintiff fired.
83. Defendant 1 and Defendant 2 purposely undertook these actions with then intent to damage the Plaintiff.
84. The Plaintiff suffered damages in that he lost his job and was extremely embarrassed.
85. The Plaintiff suffered extreme emotional distress.

## COUNT IX Civil Conspiracy

### (Defendant 2)

86. Plaintiff adopts by reference the allegations contained in paragraphs one (1) through eighty-six (86) of this Complaint as if fully set forth herein.
87. Defendants 1 and 2 worked together to, interfere with the Plaintiff's employment contract, interfere with the valid business expectancy of the Plaintiff, to intrude on the Plaintiff's private life and to defame the Plaintiff.

88. The Defendants created false emails addresses in furtherance of this conspiracy.

89. The Defendants sent emails directly to the Plaintiff's employer, from those email addresses, with the intent to get the Plaintiff fired.

90. Defendant 1 and Defendant 2 purposely undertook these actions with then intent to damage the Plaintiff.

91. Defendant 2 made phone calls to the Plaintiff's employer in furtherance of the conspiracy.

92. The Plaintiff suffered damages in that he lost his job and was extremely embarrassed.

93. The Plaintiff suffered extreme emotional distress.

WHEREFORE, for the foregoing reasons, Plaintiff, Thomas Cothren demands judgment against Defendant 1 Jonathon Solomon in the amount of Three Million Dollars ($3,000,000.00) as compensatory damages, punitive damages, plus interest, and costs of this action.

WHEREFORE, for the foregoing reasons, Plaintiff, Thomas Cothren, demands judgment against Defendant 2 Joshua Solomon in the amount of Three Million Dollars ($3,000,000.00) as compensatory damages, punitive damages, plus interest, and costs of this action.

Respectfully Submitted,

Kurtz, Peters and Associates LLC
James Peters, Esquire
CPF # 0812180018
30 Courthouse Square, Suite 206
Rockville, Maryland 20850
P: 301-795-8272
James@peterslawllc.com

## JURY TRIAL DEMAND

Plaintiffs, by and through undersigned counsel, respectfully demand a jury trial on all issues and causes of action contained herein.

_____
James Peters